**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**TEARIE REGISTER,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 5:26-cv-402 (MTT)**

**MACON-BIBB COUNTY,**

**Defendant.**

**ORDER**

Pro se Plaintiff Tearie Register moves to appeal *in forma pauperis* (“IFP”). ECF 10. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.

28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant’s belief that the person is entitled to redress.
> . . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party’s inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

> (2) . . . . If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed IFP. First, it must determine whether the appellant is financially able to pay the filing fee required for an appeal. After a review of Register's affidavit, the Court finds she is unable to pay the appellate filing fee. *See* ECF 10.

Next, the Court must determine whether the appellant has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appellant demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is without arguable merit either in law or fact." *Rotte v. United States*, 2019 WL 11766213, at *1 (11th Cir. June 20, 2019) (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Register appeals the Court's dismissal for lack of subject matter jurisdiction.[1]

[1] The Court notes that Register previously filed a complaint against Macon-Bibb County raising similar claims, which this Court also dismissed for lack of subject matter jurisdiction. *Register v. Macon-Bibb County*, No. 5:26-cv-304 (MTT) (M.D. Ga. Aug. 17, 2026) ECF 8. Register also brought a similar complaint against Macon-Bibb County in a state court proceeding that was apparently dismissed on sovereign immunity grounds. ECF 3-1 at 5–8. At one point, Register attempted to remove the case to the Middle District of Georgia, and the district court remanded the case. *See Register v. Macon Bibb County*, No. 5:26-cv-216 (TES) (M.D. Ga. June 2, 2026) ECF 4.

ECF 10 at 1; *see also* ECF 6. Register, a Macon-Bibb County resident, asserts state law claims against Macon-Bibb County. ECF 1 at 1–5. The Court ordered Register to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction, and Register's response failed to identify a plausible basis for subject matter jurisdiction in this case. ECF 4; 5. Register does not assert federal claims, and Register has not plausibly alleged diversity of citizenship. *See* 28 U.S.C. § 1332(a); ECF 1; 6. Register's appeal is thus without arguable merit, and her motion to proceed IFP on appeal (ECF 10) is **DENIED**. If Register wishes to proceed with an appeal, she must pay the entire $605 appellate filing fee.

**SO ORDERED**, this 13th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT